## SCOTT *v.* FRASER.

*(Circuit Court, D. Massachusetts. February 23, 1892.)*

PATENTS FOR INVENTIONS—PRIOR ART—INFRINGEMENT—WHIP-SOCKET CLASPS.

Letters patent No. 166,724, issued August 17, 1875, to Erastus W. Scott, for an improvement in clasps for holding whip-sockets to the dashers of carriages, consist mainly "of a metallic band or screw-nut or female screw in the band, a clamp-screw, and a saddle provided with an eye to receive the band." *Held,* that in view of the prior state of the art, and the fact that all the elements of the combination are old, the patent must be strictly limited to the arrangement described, and it is not infringed by letters patent No. 423,679, issued March 18, 1890, to Daniel Fraser.

In Equity. Suit by Erastus W. Scott against Daniel Fraser for infringement of patent. Bill dismissed.

*A. G. N. Vermilya,* for complainant.

*J. E. Abbott* and *E. B. Stocking,* for defendant.

WEBB, District Judge. This is a suit for infringement of letters patent No. 166,724, granted to the complainant for an improvement in whip-socket clasps, dated August 17, 1875. The defense is denial of infringement, and of the validity of the patent. Complainant's specification sets out:

"The clasp in question is to encompass a whip-socket firmly, and hold it in connection with the dasher of a carriage; and it mainly consists or is composed of a metallic band or screw-nut or female screw in the band, a clamp-screw, and a saddle provided with an eye to receive the band, all as hereafter explained;"

—and continues with a description of the several parts. They are: A saddle, or seat, made concave on both its faces, to conform in a general way to the convexity of the socket and of the dash-rail, which are to rest upon it, cut out in the center, so that it bears only on the edges; at one end of the saddle is a loop or eye, by which a strap passing through it is constricted, and kept closer to the whip-socket and rail, which are of different diameters; a flexible metallic strap, long enough to extend round both socket and dash-rail, with several holes at one end, to adapt the length to different sizes, and in the other end a single hole, to allow the passage of a screw, and lips to be bent in and grasp the edges of a nut; a nut and a screw;—all which are shown in the drawings. For use,

the single hole in the strap is adjusted over the perforation of the nut, and that end of the strap is bent closely down upon two of the edges of the nut, and the lips are turned in upon the other two edges, these parts being thus held together. The other end of the strap, passing around the socket, through the loop or eye in the saddle, and up over the dash-rail, is brought to a point where the screw, passing through one of its holes and through the leather of the dasher, will enter the nut. By setting up the screw, the ends of the strap, the end of the saddle, and the leather of the dasher are griped between the screw-head and the nut, and are firmly held. If the strap is so short that a strain upon it is necessary to bring the parts to a solid bearing, the action of the screw and nut supplies the strain, and draws it tightly about the socket and rail. As the clasp is intended to be adapted to dash-rails and sockets of any size, the number of holes in one end of the strap are designed to vary its length as may be necessary. It may easily happen that no one of these holes will be found exactly in the right place for this purpose.

There are two distinct claims in the patent, but infringement of the first only is charged. They are:

"(1) The improved whip-socket clasp, as described, viz., as composed of the metallic band, B, and the screw-nut, C, in combination with the screw, D, and the saddle, A, provided with the eye, $a$, all arranged and to operate substantially as set forth. (2) The band, B, arranged with or to clasp the nut, C, on two opposite sides thereof, and having lips, $b$ $b$, to embrace the nut on its other two opposite sides, all as set forth."

March 18, 1890, letters patent No. 423,679 were granted to the defendant for "certain new and useful improvements in whip-socket attachments," under which he makes and sells, and asserts a right to make and sell, the article alleged to infringe the complainant's patent. There is no element in either device which was not old and familiar long before the date of the supposed invention. They were not only old, but nearly every one had been employed in earlier patents for whip-socket holders. The complainant does not pretend to any exclusive property in any one of the parts or elements of his device, but relies upon his combination of them.

Considering the previous state of the art, if any invention was required to make the combination, the patent should be construed so as to hold him very closely to the exact arrangement he has described and claimed in his application. The nut and strap, though not connected, are evidently intended to be guarded against accidental separation when not in use, and during the process of applying them. This is accomplished by the awkward method of wrapping the strap around the nut so that it can be pushed or fall out of the grasp only laterally, and by securing it against such lateral removal by bending down upon its sides the lips on the strap. But, whether connected together or detached from each other, they would operate independently of the saddle, and admit of motion towards or away from its eye or loop, so as to slacken or tighten the portion of the strap around the socket, and slip the strap easily through the

loop, without the aid of the screw. The defendant uses a saddle with a loop or eye substantially the same as the complainant's, and, like his, the loop constricts the band or strap to closer grasp of the socket. This saddle is also made with concave bearings for the socket and rail, and a portion of its middle is open. In this open portion, and opposite to the loop end, is a spur or hook. It has also a projecting horn, in which is tapped a female screw. His strap is constructed with a hole at one end and a slot at the other. The end with the hole is hooked upon the spur inside the saddle, the strap is then brought down through the bottom, carried round the socket, up through the loop or eye, and over the dasher's edge and rail. The clamping screw passes through the slot, and the leather of the dasher into the threaded hole in the horn of the saddle. The complainant regards this construction as the equivalent of his own. He especially contends that the female screw in the horn of defendant's saddle, taken with the spur on which the end of the strap is hooked, is only a mechanical equivalent for his nut. In support of this contention he refers to this language of his specification: "It mainly consists or is composed of a metallic band or screw-nut or female screw in the band." This is obscure and confused. It probably means a metallic band, with nut or female screw in the band. Even if so, the female screw in the defendant's attachment or clasp is not in the band. It is in the saddle. It cannot move the band independently of the saddle, or draw up any slack between the hooked end and the loop. Looseness on that portion of the strap can only be corrected by drawing in the other direction, through the loop, towards the head of the screw. The distance from the point of attachment on the spur to the loop is fixed and invariable. No movement of the saddle will affect the length of the band between those two points. The complainant's nut is free and movable. If the strap is so long that setting up the screw does not tighten it around socket and rail, or so short that all the parts of nut, saddle, dasher, and screw-head cannot be brought solidly together, it may be made of right length by moving the nut, which is adjustable to any required length. My conclusion is that there is no infringement, and the bill is dismissed.